403 So.2d 688 (1981)
STATE of Louisiana
v.
Terry HALSELL.
No. 81-KA-0055.
Supreme Court of Louisiana.
September 8, 1981.
*689 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John Mamoulides, Dist. Atty., David C. Loeb, Abbott J. Reeves, Asst. Dist. Atty., for plaintiff-appellee.
Robert Garrity, New Orleans, Joseph Montgomery, Metairie, Office of Indigent Defender, for defendant-appellant.
DIXON, Chief Justice.[*]
Defendant was charged with armed robbery (R.S. 14:64). He retained private counsel. At a hearing on some preliminary matters, defendant withdrew his former plea of not guilty and entered a guilty plea. He was subsequently sentenced to ten years imprisonment at hard labor, without benefit of probation, parole or suspension.
On this appeal, three assignments of error are urged.[1] The central issue is *690 whether defendant's guilty plea was intelligently and voluntarily made under the standards established in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); see State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
Essentially, the Boykin decision held that a guilty plea is not valid unless it is an intelligent and voluntary choice on the part of the accused. The Boykin decision explained that a guilty plea constitutes a conviction without a trial; for that reason, a defendant should be made aware of the rights that are automatically waived when the choice is made to forego trial: the privilege against compulsory self-incrimination; the right to trial by jury; and the right to confront one's accusers. As interpreted by this court, the Boykin decision requires "an express and knowing waiver of at least these three federal constitutional rights." State ex rel. Jackson v. Henderson, supra, 260 La. at 103, 255 So.2d at 90.
If a defendant is not apprised of the basic triad of rights available to him, he may be handicapped in evaluating his chances of success at trial. See State v. Martin, 382 So.2d 933 (La.1980).[2] For this reason, the decision to plead guilty is not deemed an intelligent and understanding choice unless the defendant is informed of the rights which attach at trial. And, while an understanding of the triad of rights may be the sine qua non for the acceptance of a guilty plea, it is also true that other factors may have a bearing on the validity of the plea. A mere recitation of rights does not always insure the intelligent and voluntary nature of the plea. See, e. g., State v. Galliano, 396 So.2d 1288 (La.1981); State v. Beatty, 391 So.2d 828 (La.1980).
The Boykin decision has another aspect. For evidentiary purposes, the record must contain an affirmative showing that demonstrates the understanding and voluntary nature of the plea. When the record is thus completed, the task of review is greatly facilitated, and the need for post conviction hearings is obviated. While it is preferable for the trial judge to conduct a colloquy with the defendant to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea.
In the present case, no allegation is made that defendant's plea was not voluntary; the record would not support such an assertion. Instead, it is contended that defendant did not fully understand the nature and consequences of his plea. The record does affirmatively indicate that defendant was informed of his right to a jury trial and his right to confront his accusers. In addition, the defendant was informed of the charge against him and the basic facts supporting the charge; he was told the maximum and minimum sentences he could receive, and was advised that any sentence imposed would be without benefit of parole, probation or suspension. Defendant admitted his guilt, and expressly stated that his plea was a voluntary one.
What we are solely concerned with, then, is whether there is affirmative proof in the record showing that defendant was adequately informed of the privilege against self-incrimination. This right was not specifically mentioned in defendant's colloquy *691 with the trial judge. Instead, the following exchange took place:
"BY THE COURT: Your attorney has gone over your notification of rights with you in writing, paragraph by paragraph, is that correct.
BY MR. HALSELL: Yes, sir.
BY THE COURT: ... you understand your rights, is that correct.
BY MR. HALSELL: Yes, sir.
BY THE COURT: You are telling the Court that you signed this document which notifies you of your rights freely and voluntarily, is that correct.
BY MR. HALSELL: Yes, sir."
Defendant claims that this exchange does not satisfy the requirement of the Boykin decision.
Simply as a matter of due process, a defendant may plead guilty and directly challenge the validity of his conviction by way of an appeal. State v. Williams, 384 So.2d 779 (La.1980). Defendant does not allege that his plea was not voluntary and intelligent, so our review is confined to the question of whether the record affirmatively establishes the validity of the plea. In this regard, a written form containing a waiver of rights is a part of this record, and can be examined to determine the free and knowing nature of the plea. State v. Dunn, 390 So.2d 525 (La.1980). The relevant portions of the form are reproduced here:
"DEFENDANT'S ACKNOWLEDGEMENT OF CONSTITUTIONAL RIGHTS AND WAIVER OF RIGHTS ON ENTRY OF A PLEA OF GUILTY
TO THE DEFENDANT, BY THE TRIAL JUDGE PERSON-TO-PERSON:
Your attorney has indicated to me that he has advised you of your rights (1) to a trial by jury, (2) to confront your accusers, and (3) against self-incrimination and that by entering a plea of guilty, you are waiving or giving up these rights. He has also indicated to me that you have advised him that you understand these things. Is that correct?
2. Do you understand that the plea of guilty is your decision, and no one can force you to so plead? To plead guilty is your voluntary act and must be free from any vice or defect which would render your ability to plead guilty inadequate. Has anyone used any force, intimidation, coercion or promise or reward against either you or any member of your family for the purpose of making or forcing you to plead guilty?
3. You have the right to a trial by jury, which jury may either find you guilty as charged, guilty of a lesser crime, or not guilty. You have the right to hire an attorney of your choice to defend you at that trial. If you cannot afford an attorney, one will be appointed for you, which will cost you nothing. By entering a plea of guilty, you are waiving or giving up these rights. Do you understand that?
4. At any jury trial, you have the right to confront your accusers and to compel testimony on your behalf from your witnesses. By entering this plea of guilty, you are waiving or giving up these rights. Do you understand that?
5. If you were to go on trial, and in the event of a conviction, that is, if the jury finds you guilty, you would have the right to appeal. Again, in the event of an appeal, if you could not afford an attorney, one would be appointed for you, which would not cost anything. By entering a plea of guilty, you are waiving or giving up these rights. Do you understand that?
6. If you plead guilty, and this court accepts your plea, you do not have the right to assert any allegations of defects, such as: (a) an illegal arrest; (b) an illegal search and seizure; (c) an illegal confession; (d) an illegal line-up, and (e) the fact that the state might not be able to prove said charge or that a jury would 0find you guilty. Do you understand that by pleading guilty you are waiving or giving up these rights?
7. Do you understand that by pleading guilty, you are telling this court that you *692 have in fact committed the crime to which you are pleading guilty?
BY DEFENDANT'S ATTORNEY:
I, as attorney for the defendant, was present during the recitation of the foregoing colloquy between the defendant and the trial judge at the time of the defendant's plea of guilty.
I, also, have informed the defendant of his or her rights, particularly the nature of the crime to which he or she is pleading guilty, the maximum sentence the court could impose under the law, and the fact that the defendant, by entering this plea of guilty, is waiving his or her right to trial by jury, his or her right to confront his accusers, his or her right against self-incrimination, and lastly, that his or her only appeal is for review of jurisdictional defects; and I am entirely satisfied that the defendant knowingly, willingly, intelligently and voluntarily has entered this plea of guilty knowing the consequences.
 s/ Stephen L. Stinson
 ATTORNEY
BY THE DEFENDANT:
I, as the defendant in this case, acknowledged that the foregoing has been read to me, that my attorney and the trial judge have explained the nature of the crime to which I am pleading guilty, all of my rights to me, and what rights I am waiving or giving up, as listed above, and that I have been given every opportunity by the trial judge to ask questions in open court about anything I do not understand and about all of the consequences regarding my plea of guilty. I am completely satisfied with the explanations of my attorney and the judge.
I FURTHER ACKNOWLEDGE THAT MY ACT OF PLEADING GUILTY IS A KNOWING INTELLIGENT FREE AND VOLUNTARY ACT ON MY PART. I know that no one can force me to plead guilty. I know that by pleading guilty I admit I committed the said crime. I know this plea of guilty is more than a confession. It is also a conviction. Nothing remains except for the Judge to give judgment and give me my punishment. I waive all delays for sentencing and acknowledge I am ready for sentencing.
 s/ Terry Halsell
 DEFENDANT
BY THE TRIAL JUDGE:
I, as trial judge, have entered into the foregoing colloquy with the defendant. I am entirely satisfied that the defendant was aware of the nature of the crime to which he or she has plead guilty, that the defendant did in fact commit said crime, understands the consequences of said plea of guilty and has made a knowing, intelligent, free and voluntary act of pleading guilty to above mentioned crime. I, therefore, accept the defendant's plea of guilty.
6-18-80
-------
DATE
 s/ Nestor L. Currault, Jr.
 JUDGE"
It is well established that a trial judge cannot rely upon a defendant's statement that his rights were explained to him out of court. State v. Williams, 400 So.2d 868 (La.1981); State v. LaFleur, 391 So.2d 445 (La.1980); State v. Williams, 384 So.2d 779 (La.1980); State v. Martin, supra. In the present case, though, the trial judge had before him the written assertion of defendant's counsel that he had informed defendant of his right against self-incrimination, and that counsel was entirely satisfied that the plea was made knowingly and voluntarily. The judge had a right to rely upon this assertion.
Any other holding by this court would tend to undermine the relationship of trust that must necessarily exist between the bench and bar. Defense counsel was duty bound by the Canons of Ethics to give a full and honest disclosure of the facts essential to the guilty plea; he was forbidden to misrepresent the truth. See DR 7-102(A)(3)(5) and (6). We cannot find, on the record before us, that counsel betrayed that trust. Defense counsel specifically avowed that he had informed his client of the three basic rights waived by a plea of guilty, and that he was satisfied that his *693 client understood those rights. The signed statement by defense counsel distinguishes this case from the cases cited above, where the record did not affirmatively show that either the judge or an attorney had explained a defendant's rights to him.
For the foregoing reasons, the conviction and sentence are affirmed.
BLANCHE and MARCUS, JJ., concur and assign reasons.
MARCUS, Justice (concurring).
Based on the totality of the facts and circumstances at the time the guilty plea was entered, I consider that the guilty plea was intelligently and voluntarily made. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Accordingly, I respectfully concur.
BLANCHE, Justice (concurring).
Boykin does not require an express, ritualistic articulation of the three rights as we have required in Jackson, supra. Boykin stands solely for the proposition that guilty pleas should be knowingly and intelligently made. In Boykin, the record was silent as to this issue and the Court correctly stated that it could not presume the defendant waived his constitutional rights when his plea was taken.
The totality of the circumstances surrounding the case will determine whether the plea was voluntarily and intelligently made. See this writer's dissenting opinion in State v. Williams, 400 So.2d 868 (La. 1981), and concurring opinions in State v. Warren a/k/a Mason, 402 So.2d 662 (La. 1981) and State v. Cusher, 400 So.2d 601 (La.1981).
NOTES
[*] Judges J. Burton Foret, Jimmy M. Stoker and P. J. Laborde, Jr. of the Third Circuit participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.
[1] Defendant's first assignment of error contains the argument that he should have been given a mental examination to determine whether he had the mental capacity to understand the proceedings against him and to assist in his defense. Such an examination must be conducted if the trial judge "has reasonable ground to doubt the defendant's mental capacity to proceed." C.Cr.P. 643. On the record before us, no such reasonable ground is presented. The trial judge did not abuse his discretion in refusing to appoint a sanity commission.

The only other assignment of error involves a claim that the sentence imposed is excessive. The record indicates that defendant was armed with a revolver when he committed the crime, and that he fired a shot at the victim. The trial judge considered defendant's youth (nineteen years old) and recommended that he be sent to a facility for first offenders. Considering the maximum and minimum sentences which could have been imposed, the ten year sentence was not excessive or inappropriate.
These assignments of error are without merit.
[2] State v. Martin was overruled by State v. Williams, 392 So.2d 448 (La.1980), but only to the extent that the Martin decision allowed an attack on a conviction used as a predicate for a felon with a firearm charge. While the Williams decision disallowed collateral constitutional attacks of predicate felonies in such cases, it did not invalidate the views expressed in Martin regarding the need for proper "boykinization."