417 So.2d 1183 (1981)
STATE of Louisiana
v.
Emile C. AGE.
No. 81-KA-0577.
Supreme Court of Louisiana.
December 14, 1981.
On Rehearing May 17, 1982.
*1184 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Madeleine Slaughter, Cliff R. Strider, III, John Craft, Asst. Dist. Attys., for plaintiff-appellee.
Calvin Johnson and Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
LAWRENCE A. CHEHARDY, Justice Ad Hoc.[*]
Defendant, Emile C. Age, was charged by bill of information with the crime of attempted armed robbery, in violation of La. R.S. 14:27; 14:64. On January 23, 1980, he was tried before a twelve-person jury which found him guilty as charged. Thereafter, the court sentenced him to serve ninety-nine years at hard labor as a double offender under La.R.S. 15:529.1. Defendant now appeals on the basis of three assignments of error, all of which are argued.
The record establishes the following set of facts:
On June 28, 1979, Officers Kelly and Marie responded to an attempted armed robbery broadcast on their car radio. The description of the assailants was transmitted as two black males, wearing white hats and dark clothing. As the two officers turned onto Loyola Avenue, they observed two black males wearing white hats walking behind a third black male. Since two of the men fit the description, the policemen stopped all three (one was a juvenile), identified themselves as police officers and frisked them for weapons. No weapons were found on any of the three subjects but a pocket knife was recovered from the side of a building where the juvenile had thrown it just prior to the officer's approach.
Upon contacting the officers at the scene of the alleged crime, the policemen learned that only two men were involved in the attempted robbery. After brief questioning, the third subject was released, while defendant and the juvenile were returned to the scene where they were positively identified by the victim as his assailants.
According to the victim, one William Peterson, he was approached by two black males as he walked down St. Charles Avenue. The defendant herein grabbed him around the neck in an arm lock position as he came up with a knife in the other hand. The victim struggled back, grabbing both arms of the defendant, and kicking at the juvenile who confronted him, also with a knife in hand. Peterson's assailants ordered the victim to turn over his money or they would kill him. At that moment a witness from a motel balcony hollered at the subjects, who became frightened and fled the scene.
Defendant by assignment of Error No. 1 argues that the trial court erred in refusing to allow defense counsel to question prospective jurors as to whether their previous jury had recommended the death penalty after finding a defendant guilty of first degree murder in a previous trial.
The voir dire occurred as follows:
"BY MR. JOHNSON: (addressing a prospective juror)
. . . . .
Q What type of case was it?
A It was first degree murder.
Q Was there a jury verdict?
A Yes, sir.
Q What was that verdict?
A It was guilty.
Q Guilty as charged?
A Yes, sir.
Q Was there a sentencing hearing?
A Yes, sir.
Q What was the sentence ___
BY MS. SLAUGHTER:

*1185 Your Honor, the defense attorney has askedthe juror has said he was on a first degree murder case, and the verdict was guilty, and now, the defense attorney is asking the juror if there was a sentencing hearing, and he's going to ask him what was the result of the sentencing hearing. I don't think that's a proper question."
After this objection, there was a bench conference at which the judge sustained the objection and refused to allow defense counsel to ask questions on the sentencing trial. His reasons for the ruling were as follows:
"BY THE COURT:
Since the law says that the sentencing of a defendant is of no concern to the jury, except in a capital case, and this is not a capital case, the court will sustain the state's objection to the question."
Defendant alleges that knowledge on how a prospective juror voted in a sentencing trial is relevant to jury impartiality to ascertain prosecution bias. Defendant claims that a death recommendation is more indicative of possible partiality than a conviction, thus, necessary information to exercise peremptory challenges.
Voir dire examinations fall within the scope of La.C.Cr.P. art. 786 and La.Const. Art. 1, § 17 which gives defendant the "right to full voir dire examination of prospective jurors and to challenge jurors peremptorily." Although wide latitude must be given to a defendant in a voir dire examination so that he may intelligently exercise his right to peremptory challenges, State v. Monroe, 329 So.2d 193 (La.1976), this right is to be exercised within the discretion of the trial judge who determines the scope of the examination under the prevailing facts and circumstances. State v. Nicholas, 397 So.2d 1308 (La.1981).
This Court in State v. Holmes, 347 So.2d 221, 223 (La.1977), overruled prior jurisprudence and held that:
"* * * [I]t is permissible for defendant to ask prospective jurors during voir dire questions such as: (1) Have you ever served on a criminal jury before? (2) What was the charge in that case? (3) What was the verdict in the case?, etc. * * *"
In the light of this decision even if this Court would find the judge's ruling unduly restrictive, the disallowance of a proper question is not ground for automatic reversal. In evaluating the fairness of the ruling the entire examination must be considered. State v. Vinet, 352 So.2d 684 (La.1977).
The restrictions herein do not deprive defendant of his right to full voir dire examination, especially considering that the restricted questions refer to a sentencing procedure not relevant to the trial at bar. Counsel's assumption that jurors who render a recommendation of death after a finding of guilt are more oriented to the prosecution than jurors who merely return a verdict of guilty in a noncapital case is a matter of speculation only.
We hold that assignment of Error No. 1 is without merit.
In assignment of Error No. 2 defendant alleges that the court erred in finding defendant to be a multiple offender on the basis of a waiver of rights form rather than a transcript of the plea colloquy on the prior plea. The defendant pleaded guilty to simple robbery, a violation of La.R.S. 14:65, on April 20, 1978, at which time he was sentenced to two years in Parish Prison. Two years later, on February 22, 1980, this guilty plea was used to enhance defendant's sentence for his conviction of attempted armed robbery in the present case. At this hearing, the state introduced the bill of information, the minute entry, and the Boykinization form used to record the guilty plea in 1978, in support of its charge against defendant as a double offender. Defendant objects to the use of the Boykin form to prove that he knowingly, intelligently and voluntarily waived his constitutional rights. He claims that the state must produce a contemporaneously-recorded transcript of the Boykin colloquy.
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court emphasized three federal constitutional *1186 rights which are waived by a guilty plea: the privilege against self-incrimination; the right to trial by jury; and the right to confront one's accusers. The court then announced its unwillingness to presume waiver of these important rights from a silent record. Louisiana's construction of the Boykin, supra, decision was made applicable to all guilty pleas taken after December 8, 1971, by this Court in State ex rel. LeBlanc v. Henderson, 261 La. 532, 259 So.2d 557 (La.1972). The court went on to say in State v. Lewis, 367 So.2d 1155 (La.1979), that a conviction could not be used to enhance punishment in a multiple offender proceeding unless the record affirmatively discloses that the Jackson requirements were met. The Court in State v. Holden, 375 So.2d 1372, 1375-1376 (La. 1979), further stated:
"In State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85, we held that a plea of guilty would not be considered as knowingly made with awareness of its consequences unless, at the time of the plea, the accused was informed of and made a knowing waiver of his right to jury trial, his right to confront his accusers, and his privilege against self-incrimination. We did not at that time require that the judge himself conduct the interrogation or that a contemporaneous record be made of it; but we did point out that, unless these were done, an evidentiary hearing would be required if post-conviction attack was made on the guilty plea because the record did not affirmatively show these waivers.
* * * * * *
"* * * Upon objection by defense counsel that the guilty plea does not affirmatively show it was taken in compliance with Jackson and LeBlanc, the state will have the burden to show as to these convictions that the defendant waived his constitutional rights as required by the cited opinions of this court."
The minutes of defendant's guilty plea show that the trial court interrogated the defendant as to whether he understood his constitutional rights, the Court explaining same and the defendant answering in the affirmative. Although this entry does not specify that all three Boykin rights were explained to defendant and that defendant knowingly and intelligently waived those rights, it is this Court's opinion that the minute entry reflection of the court's explanation of defendant's constitutional rights, inquiry as to whether defendant understood these rights and defendant's answer in the affirmative, together with the well-executed waiver of rights form, satisfies the intent of Boykin, supra, LeBlanc, supra, and State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (La.1971).
The waiver of rights form signed by defendant and his attorney on April 20, 1978, at the time defendant entered a plea of guilty, clearly sets forth the pertinent constitutional rights waived by a guilty plea. The waiver provided as follows:
"264-092 R.S. 14-65
Emile Age Jr.
 XXXXXXXXXXX
 1. Right to trial and free appeal if convicted.
 2. Waives right to trial and free appeal
 by entering plea of guilty.
 3. By pleading guilty waives right
 against self incrimination.
 4. Waives right to confront and cross-examine
 witnesses and call witnesses
 on defendant's behalf.
 5. Waives right to object to any evidence
 offered by the State.
 6. (If applicable, withdraw all motions
 previously filed.)
 7. Waives right to object to the composition
 and the way the jury will be
 selected to try case.
 8. Inform defendant of maximum sentence
 (Parole -0-7 yrs Probation
 Hard Labor)
 9. Defendant has not been forced,
 threatened or coerced into entering
 plea of guilty and states he is voluntarily
 entering the plea of guilty because
 he is in fact guilty as charged.
 /s/ Emile Age
 /s/ James Brodtmann
 FILED 4-20-78 
 
 MINUTE CLERK `G'"
*1187 This Court in State v. Tucker, 405 So.2d 506 (La.1981), accepted the minute entry concerning the abbreviated colloquy along with a well-executed "waiver of rights" form signed by defendant, his attorney and the trial judge as constituting a sufficient affirmative showing in the record that defendant knowingly and intelligently waived his "three right" constitutional privileges. It is this Court's opinion that in the instant case the reasoning of the Tucker case applies and the court properly upheld the use of defendant's plea of guilty in the earlier conviction to enhance his attempted armed robbery charge.
This assignment of error is without merit.
Defendant argues that the trial court erred in imposing an excessive sentence of ninety-nine years (the maximum possible) as a multiple offender under La.R.S. 15:529.1. Defendant's prior conviction for simple robbery (purse snatching) was used to enhance his sentence for a conviction of attempted armed robbery.
After establishing the fact that defendant had a prior conviction which allegedly could be used to sentence him as a double offender, the court began the sentencing procedure under the guidelines of La.C. Cr.P. art. 894.1. The judge elicited the defendant's age (nineteen), his birth date and place. He described the evidence as overwhelmingly in favor of guilty, and noted that defendant was ineligible for suspension of sentence and probation, given the nature of the offense and his status as a multiple offender. The judge felt that the defendant needed a custodial environment because there was an undue risk that the defendant would commit another crime. The aggravating circumstance mentioned by the judge was that the defendant claimed innocence despite the overwhelming evidence against him.
In State v. Guiden, 399 So.2d 194, 200 (La.1981), this Court emphasized that "[w]hile the trial judge need not articulate every aggravating and mitigating circumstance presented in La.C.Cr.P. Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant."
This Court is of the opinion that the trial judge adequately satisfied the sentencing procedures under the guidelines of La.C. Cr.P. art. 894.1. Assignment of Error No. 3 is without merit.
The conviction and sentence of defendant Emile C. Age is affirmed.
DENNIS, J., dissents with reasons.
CALOGERO, J., dissents for reasons assigned by DENNIS, J.
LEMMON, J., dissents in part and assigns reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
The minute entry and waiver of rights form do not sufficiently indicate that the defendant was informed of his right to a jury trial, nor that he knowingly, intelligently and voluntarily waived that right. The statement in the waiver of rights form relating to defendant's right to full voir dire examination of prospective jurors is meaningless to one unaware of his right to trial by jury in the first instance.
Further, the trial court failed to adequately consider the sentencing guidelines listed in La.C.Cr.P. art. 894.1 and incorrectly considered a plea of not guilty as an aggravating circumstance.
The case should be remanded with orders that a pre-sentence report be prepared and a contradictory sentencing hearing conducted.
LEMMON, Justice, dissenting in part.
Because a maximum sentence was imposed without adequate compliance with C.Cr.P. Art. 894.1 and without a presentence investigation, I would set aside the sentence and remand for resentencing. At the resentencing defendant can offer evidence as to the complaint expressed in his brief.[1]

*1188 ON REHEARING
CALOGERO, Justice.
Defendant Emile Age was tried by jury and found guilty of the crime of attempted armed robbery in violation of La.R.S. 14:27 and 14:64.[1] On the strength of a prior guilty plea conviction on a charge of simple robbery, the trial court adjudicated defendant a second offender and imposed the maximum permissible sentence of ninety-nine years at hard labor. La.R.S. 15:529.1. On appeal defendant urged three assignments of error. Upon original hearing, finding none of the assignments meritorious, the Court affirmed the conviction and sentence. We granted this rehearing to reconsider whether the defendant was properly adjudicated a second offender and whether the ninety-nine year sentence was properly imposed.

Multiple Offender Conviction
Defendant argues that the court erred in finding him a multiple offender. He contends that he was not properly Boykinized before he pled guilty to the 1978 offense of simple robbery, and accordingly the prior conviction cannot be used to convict him of being a second offender.
Age pled guilty to simple robbery in 1978, at which time he was sentenced to two years in parish prison. In the multiple offender hearing, the state sought to use this prior guilty plea conviction, to have defendant adjudicated a second offender.
At the hearing the state introduced the minute entry of the 1978 guilty plea proceedings and a waiver of rights form bearing the defendant's signature. Defendant objected to the use of the form to prove that he knowingly, intelligently and voluntarily waived his constitutional rights, contending that the state must produce a contemporaneously recorded transcript of the Boykin colloquy with the trial judge. It is further argued that even if the form is considered, it does not establish that the defendant was properly Boykinized prior to the acceptance of his guilty plea.
It is now well settled that a guilty plea is constitutionally valid only if the record evidences a knowing and voluntary waiver of the constitutional rights that are being waived, particularly the right to trial by jury, the right to confront accusers and the privilege against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State v. Robicheaux, 412 So.2d 1313 (La.1982); State v. Halsell, 403 So.2d 688 (La.1981); State v. Bowick, 403 So.2d 673 (La.1981); State v. Williams, 384 So.2d 779 (La.1980); State v. Bolten, 379 So.2d 722 (La.1980); State v. Lewis, 367 So.2d 1155 (La.1979); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
In the present case the state introduced only the minutes of the guilty plea proceeding and a waiver of rights form. The minutes show merely that the court "interrogated the defendant as to whether he understood his constitutional rights, the court explained the same and the defendant answered in the affirmative." This entry falls far short of establishing that the defendant was specifically informed of his *1189 right to trial by jury, his right to confront his accusers and his privilege against compulsory self-incrimination, and that he knowingly and voluntarily waived those rights.
Complementing the minutes with the substance of the waiver of rights form used in this instance, the record remains deficient insofar as reflecting an adequate Boykinization.
The waiver of rights form is deficient in that it did not adequately inform defendant of his right to trial by jury, nor did it adequately inform him of his privilege against self-incrimination. The form is quoted in full in the original opinion and will be quoted here only insofar as it is pertinent to this discussion.
As concerns the advisement of the right to trial by jury, the form only provides that the defendant had a "right to trial and free appeal if convicted" and that he "waives right to trial and free appeal by entering plea of guilty." Thus, the form does not affirmatively show that defendant was either advised of his right to a jury trial or that he waived that right. A record only evidencing a general advisement of the right to trial and the waiver thereof does not affirmatively show that the defendant knowingly and voluntarily waived his right to trial by jury. State v. Santiago, 416 So.2d 524 (La.1982). The deficiency in that advice is not remedied by the inclusion of the seventh numbered paragraph of the form (well after the right to trial advice in paragraphs one and two) which refers to the waiver of the right to object to the "way the jury will be selected to try case." Such advice is meaningless to one who has not been informed that he has a right to a trial by a jury.
As concerns the advisement of the privilege against self-incrimination defendant was only informed that "by pleading guilty waives right against self-incrimination." The form does not show that the defendant was informed that he had the right to remain silent at trial. It was held in State v. Martin, 382 So.2d 933 (La.1980), and recently reaffirmed in State v. Robicheaux & Powell, 412 So.2d 1313 (La.1982), that an advisement of the privilege against self-incrimination in which the defendant was not told that the privilege applied at his trial was inadequate "because it failed to inform the defendant of his right to stand trial without being forced to testify against himself; because the choice to stand trial is the crux of the decision to plead guilty; because an accused cannot make this choice intelligently if he is unaware of the rights he may exercise at trial; and because the record did not show in any way that the defendant intended to waive his right not to testify against himself at trial." Defendant was not informed of his right to stand trial without being forced to testify against himself, and, therefore, the record does not evidence a knowing and voluntary waiver of that right.
Therefore, because the record does not affirmatively show that the defendant knowingly and voluntarily waived his right to trial by jury and his privilege against self-incrimination, the guilty plea conviction should not have been used as a basis for the multiple offender charge against him.
In view of our holding here that the record, including the rights form, does not show that defendant knowingly and voluntarily waived his Boykin rights, we need not consider the argument that the waiver of rights form should not have been considered at all.[2]

Sentencing
Defendant also argues that his sentence of ninety-nine years at hard labor, the maximum sentence allowable under La.R.S. 15:529.1 was illegal for three reasons: first, because the trial judge did not comply with La.C.Cr.P. art. 894.1 in articulating the reasons for the sentence; second, because the sentence is not proportionate with the circumstances of the offense and the offender; and third, because the severity of the sentence was prompted solely because of the defendant's choice to exercise his right to trial.
*1190 Because of our holding on the Boykin issue, that the prior guilty plea conviction cannot be used to convict defendant as a second offender, the case must be remanded for resentencing with a maximum allowable sentence of forty-four and one-half years under La.R.S. 14:27 and 14:64. Thus, defendant's arguments regarding the illegality of his ninety-nine year sentence need not be considered here. However, it is well settled that the record of the sentencing must reflect that the trial judge adequately considered the guidelines presented in La.C.Cr.P. art. 894.1 and that the sentence is particularized to the circumstances of the offense and the offender. State v. Guiden, 394 So.2d 194 (La.1981); State v. Molinet, 393 So.2d 721 (La.1981).

Decree
For the foregoing reasons, the opinion of this Court on original hearing is vacated, defendant's conviction of attempted armed robbery is affirmed, his adjudication as a second offender is reversed, and the case is remanded to the district court for the defendant to be resentenced in accordance with law.
ORIGINAL OPINION VACATED; CONVICTION AFFIRMED; SECOND OFFENDER ADJUDICATION REVERSED: REMANDED FOR RESENTENCE.
CALOGERO, J., assigns additional concurring reasons.
WATSON, J., concurs in the result.
BLANCHE and LEMMON, JJ., dissent.
MARCUS, J., dissents and assigns reasons.
CALOGERO, Justice, assigning additional concurring reasons.
The defendant argues that the waiver of rights form should not have been considered in determining whether he was properly Boykinized prior to entering his 1978 guilty plea. He contends that the state only meets its burden of proving that the plea was knowingly and voluntarily entered by introducing a copy of the transcript of the guilty plea proceedings in which it is shown that the trial judge advised defendant of his right to trial by jury, his right to confront his accusers and his privilege against self-incrimination, and that the defendant waived those rights. Because we found that the record, even considering the waiver of rights form, did not affirmatively show that defendant knowingly and voluntarily entered his 1978 guilty plea with a full understanding of the rights he was waiving, we did not consider this argument of defendant.
Although it is the view of some members of this Court that the issue is a settled one, that is, that the waiver of rights form may be considered, our jurisprudence is not entirely clear as to whether, or under what circumstances, a waiver form will suffice in lieu of a contemporaneously recorded transcript of the colloquy between the trial judge and the defendant evidencing such a knowing and voluntary waiver.
Generally, the instances in which a waiver of rights form has been allowed by this Court to supplement the record of the guilty plea proceedings have been where the contemporaneously recorded transcript of the colloquy between the trial judge and the defendant had a technical deficiency. State v. Lawson, 410 So.2d 1101 (La.1982); State v. Washington, 406 So.2d 191 (La. 1982); State v. Halsell, 403 So.2d 688 (La. 1981); State v. Bowick, 403 So.2d 673 (La. 1981); State v. Dunn, 390 So.2d 525 (La. 1980). In only two cases has this Court considered the waiver form where the colloquy was not part of the record also, and in those cases the waiver form was far more detailed than the one in this case, it was initialed line by line by the defendant and it was signed by the defendant, his attorney and the trial judge. State v. Santiago, 416 So.2d 524 (La.1982); State v. Tucker, 405 So.2d 506 (La.1981).
In State v. Santiago, supra, the statement therein that waiver forms may be considered in lieu of the transcript of the proceedings was not determinative, since, like in the present case, it was therein found that even considering the waiver form there *1191 was not a sufficient showing that the plea was knowingly and voluntarily entered. The panel of the Court which decided Santiago consisted of only four permanent members of this Court, and a rehearing has since been granted which is presently pending.
State v. Tucker, supra, too, was not rendered by the full Court although rehearing was denied by the full Court, as is our procedure in split panel cases. The Court in Tucker did consider the waiver form in lieu of the transcript of the colloquy between the trial judge and the defendant, but the Court did so because of the "well executed" nature of the form and the "abbreviated colloquy" in the minute entry. However, the Court cautioned:
There is potential for abuse of the accused's constitutional rights in the continued use of printed `waiver of rights' forms, and for this reason their use is to be discouraged. The direct, three-right colloquy between the trial judge and defendant is preferable and should be encouraged.
Furthermore these latter two cases rely on State v. Dunn, supra, the first case to allow the use of a waiver form at all, as support for their holdings. However, as stated above, Dunn permitted the waiver form to be used to supplement a technically deficient colloquy, not to be used simply in lieu of the colloquy. Additionally, Dunn was a misdemeanor case rendered prior to this Court's decision in State v. Jones, 404 So.2d 1192 (La.1981), which held that Boykin was applicable to misdemeanor cases. And, it has been recognized that a less rigid procedure may suffice in misdemeanor cases than may do so in felony cases. State v. Jones, supra, Justice Dennis concurring, joined by Chief Justice Dixon and Justice Calogero. Thus State v. Dunn, supra, is scant support for the holding that a waiver of rights form may be used in lieu of the contemporaneously recorded transcript of the colloquy between the trial judge and the defendant.
Furthermore, prior jurisprudence of this Court, which has not to this date been overruled, has specifically provided that a contemporaneously recorded transcript of the colloquy between the trial judge and the defendant is required to show the voluntariness of the guilty plea before the conviction based on that plea can be used to enhance punishment in a subsequent proceeding. In State v. Bolten, supra, we stated:
However, for pleas of guilty taken after December 8, 1981, in order to use the prior plea of guilty to enhance punishment in a subsequent proceeding, the state must, if objection is made to its voluntariness or to its being a knowing plea (due, e.g., to the absence of waiver of the Boykin rights), affirmatively show through (only) a contemporaneously recorded transcript that the plea was voluntary and made with an awareness of its consequences. State v. Lewis, 367 So.2d 1155 (La.1979); State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
Also in State v. Williams, 384 So.2d 779 (La.1980) it was held:
In cases where a prior conviction based on a guilty plea is being used to enhance the penalty under our multiple offender laws, we have required a strong showing of a knowing and voluntary waiver of rights by the defendant when his guilty plea is accepted by the trial judge. In such instances, we require that the state produce a contemporaneous record of the defendant's guilty plea colloquy with the trial judge which affirmatively shows the waiver of his right to jury trial, his right to confront his accusers, and his privilege against compulsory self-incrimination.
In light of the state of the jurisprudence on this narrow point, it is obviously the preferable (and safer) procedure for the trial judge to advise the defendant verbally, in court, of his Boykin rights and to see to it that a transcript of the proceedings is preserved. Furthermore, when proof of an adequate Boykinization is necessary and relevant, as in later multiple offender proceedings, the transcript of the Boykin colloquy should be made part of the record of those proceedings.
*1192 We originally held that the trial judge personally had to advise defendant of his rights and that the colloquy between them had to be transcribed because it was deemed the only way to ensure that the defendant was adequately advised of his rights without the necessity of a later evidentiary hearing. Additionally, this procedure was one that the bench and bar could easily follow and its utilization would add a measure of finality to guilty pleas by setting forth prophylactic procedures designed to eliminate post plea attacks.
As stated in the majority opinion, a guilty plea is constitutionally valid only if the record evidences a knowing and voluntary waiver of the constitutional rights that are being waived by the choice to plead guilty. It seems difficult if not impossible for the state to meet that burden by introducing merely a written waiver of rights form bearing a signature of the defendant. At the least, as was the case in State v. Halsell, supra, there would have to be an attestation by defense counsel and the trial judge that the rights on the form were explained to the defendant. Standing alone, the signed waiver form does not necessarily show that the defendant understood his rights and knowingly and voluntarily waived them.
While the signed waiver form may be probative in that regard, and perhaps even valuable as a complement to the transcribed colloquy, it falls far short of being independently sufficient.
I would therefore conclude, in the pertinent case, that the form alone, however clear and complete, does not suffice as an affirmative showing that the defendant knowingly and voluntarily waived his Boykin rights. I would apply the prior cases which held that the trial judge must affirmatively establish that the defendant knowingly and voluntarily waived his Boykin rights in a colloquy with the defendant which is contemporaneously recorded and then transcribed. State v. Williams, 384 So.2d 779 (La.1980); State v. Martin, 382 So.2d 933 (La.1980); State v. Bolten, 379 So.2d 722 (La.1980); State v. Lewis, 367 So.2d 1155 (La.1979).
MARCUS, Justice (dissenting).
I consider that the record adequately evidences a knowing and voluntary waiver of defendant's right to trial by jury. While the form only informs defendant of his right to trial and contains a waiver thereof, I consider the deficiency is remedied by the inclusion later in the form of a waiver of his right to object to the way the jury would be selected to try the case. Reading the form as a whole, I find sufficient compliance with the Boykin requirement of a waiver of the right to trial by jury.
Secondly, I consider that informing defendant that "by pleading guilty [he] waives [his] right against self-incrimination" sufficiently satisfies the Boykin requirement of a waiver of the privilege against self-incrimination.
Accordingly, I respectfully dissent.
NOTES
[*] Judges Patrick M. Schott, Lawrence A. Chehardy and Denis A. Barry of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices ad hoc, joined by Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Jack Crozier Watson and Harry T. Lemmon.
[1] Attached to defendant's brief is empirical data, from which he argues that this trial judge in armed robbery cases regularly gives a sentence of five to 10 years on a guilty plea and 90 to 99 years on a conviction following trial. Defendant therefore argues that the sentence in this case was excessive because this trial judge does not consider appropriate factors and does not exercise discretion in most armed robbery sentences.

If a defendant establishes that a trial judge regularly punishes defendants who avail themselves of the right to trial by imposing substantially more severe sentences after convictions than after pleas, then that defendant may be entitled to be resentenced according to appropriate considerations pertaining to the particular crime and the particular offender. The present record does not contain such a showing.
[1] Defendant, a nineteen year old male, was accused of attempting to rob one William Peterson, as he walked down St. Charles Avenue in New Orleans. Mr. Williams testified that Age, accompanied by a juvenile, approached him and grabbed him from the rear threatening him with a knife and demanding all his money. The juvenile also had a knife. A struggle ensued. At that moment a witness from a motel balcony shouted at the subjects, who became frightened and fled.
[2] See additional concurring reasons by the author.