533 So.2d 1288 (1988)
STATE of Louisiana, Plaintiff-Appellee,
v.
Ralph JOHNSON, Defendant-Appellant.
No. K88-185.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1988.
*1289 Ralph E. Johnson, St. Gabriel, for defendant-appellant.
Ray Rush, Asst. Dist. Atty., Oberlin, for plaintiff-appellee.
Before FORET, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
Relator, Ralph E. Johnson, pleaded guilty to attempted second degree murder, a violation of La.R.S. 14:27 and 14:30.1, on January 9, 1986. On February 17, 1987, he was sentenced to eight years. A hearing was held on relator's application for post conviction relief on October 29, 1987. The application was denied and relator seeks review.
FACTS:
Relator appeared with counsel on January 9, 1986, and entered a plea of guilty. Although the minute entry reflects an extensive colloquy between the trial judge and relator, the contemporaneously recorded transcript of the proceedings show that relator was not extensively questioned by the trial judge. A waiver of rights checklist was signed by relator, his counsel and the trial judge. The form consisted of several questions concerning the constitutional rights relator would waive upon entering a guilty plea and required relator to check either "yes" or "no" in response. The form, with the exception of one question, was completed by relator, and his counsel testified that he had explained the form and relator's constitutional rights to him. The trial judge briefly questioned relator, admitted the waiver of rights form into evidence and accepted the guilty plea. There is a discussion on the record about a plea bargain agreement but no sentence recommendation was offered to the trial judge as a part of that plea bargain.
At the hearing on the application for post conviction relief, relator alleged that he was not properly "Boykinized" and that he was denied effective assistance of counsel when he entered his guilty plea. Relator testified that his attorney, Herman Mouton, was difficult to contact, did not appear in court when scheduled, and failed to subpoena any of his witnesses. Relator maintained that his counsel advised him to plead guilty and promised him a sentence of three years. He stated that Mr. Mouton *1290 did not go over the waiver of rights with him. At his sentencing hearing, relator alleged that his attorney made an agreement with the assistant district attorney that in return for relator's guilty plea, certain charges pending against Mr. Mouton would be dropped. Mr. Mouton was unavailable for the post conviction hearing or the sentencing hearing. However, relator was represented by appointed counsel at both hearings.
Relator called two witnesses who testified they overheard conversations between Mr. Mouton and relator concerning the plea bargain and sentence recommendation. Mr. Davis, a friend of relator's, stated Mr. Mouton did not go over the form with relator, and told relator a "deal" had been worked out with the assistant district attorney for a three year sentence. Ms. Patricia Johnson, another friend of relator's, testified that Mr. Mouton stated he would try to get him three years and that he would talk to the court. This conviction was relator's third felony conviction, although his first two convictions resulted in probated sentences. Relator failed to appear at his scheduled sentencing date of February 26, 1986, and was finally apprehended and sentenced on February 17, 1987.
ASSIGNMENTS OF ERROR NOS. 1 AND 2:
By these assignments, relator asserts that the trial court erred in denying his application for post conviction relief, in which he alleged that his guilty plea was not knowingly and intelligently entered. Relator further asserts that he was not made aware of the sentencing possibilities before he pleaded guilty.
At his hearing on the post conviction application, the state introduced the minute entry, the transcript of the Boykin colloquy and the waiver of rights form.
The minute entry reads as follows:
"CHARGE: Attempted 2nd degree murder. Defendant present in court with Herman Mouton for change of plea. Rights explained: 1. What is your age? 33. 2. Do you understand you are charged with the crime of Attempted Murder? yes. 3. Do you understand that the maximum penalty for the crime with which you are charged is 50 years? yes. 4. Do you understand that you have the right to a jury trial if you so desire? yes. 5. Do you understand that you can waive the right of a jury trial if you so desire? yes. 6. Do you understand you have the right to subpoena witnesses in your behalf? yes. 7. Do you understand that you are presumed to be innocent until tried and proven guilty beyond a reasonable doubt? yes. 8. Do you understand you have the right to confront witnesses against you and through your attorney cross examine those witnesses? yes. 9. Do you understand if you go to trial and are convicted, you have the right of appeal of your conviction? yes. 10. Do you understand that if you cannot afford an attorney for an appeal, the Court will appoint one for you? yes. 11. Do you understand that if you plead guilty, you waive all the above rights? yes. 12. Do you understand by pleading guilty you can be given the same punishments as if you plead not guilty and were tried and convicted by a jury? yes. 13. Has anyone threatened, coerced, or promised to reward you, your family, or anyone else with anything to get you to plead guilty? No. 14. Are you pleading guilty of your own free will because you want to and on advice of counsel? yes. 15. Are you pleading guilty because you are guilty? yes. 16. Have you had all the time you needed to discuss each phase of this matter with your lawyer? yes. PLEA: Guilty. Pre-sentence investigation ordered. Sentencing set for February 18, 1986. Any charges of Bribery are Nolle Prossed. CR-3793-84 Criminal damage to property is Nolle Prossed....."
The minute entry corresponds exactly to the waiver of rights form that relator filled out, however, the transcript reflects that the following exchange took place between relator and the trial judge:
"THE COURT:
All right. Johnson, do you understand that you're entitled to a jury trial?
*1291 THE DEFENDANT: Yes sir.
THE COURT:
Or you can waive a jury trial and be tried by a judge alone. You can confront and cross examine the State's witnesses. You can compel any witnesses that you may have to come and testify under oath. You can remain silent and say nothing at all. If you are convicted, you can appeal to the Louisiana Court of Criminal Appeals. You have the right to have an attorney represent you through each stage of these proceedings, including appeal, either of your employment or if you cannot or get to where you cannot employ an attorney, one will be appointed. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT:
Do you understand the charge against you?
THE DEFENDANT: Yes, sir.
THE COURT:
How do you plead?
THE DEFENDANT: Guilty."
Where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). The colloquy engaged in by the trial court was very brief. "While it is preferable for the trial judge to conduct a colloquy with the defendant to ascertain the validity of the plea, such a colloquy may not be indispensible, as long as the record contains some other affirmative showing to support the plea." State v. Halsell, 403 So.2d 688, 690 (La.1981). Therefore, the waiver of rights form can be examined to determine the free and knowing nature of the plea. State v. Dunn, 390 So.2d 525 (La.1980).
It is error for a trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The Louisiana Supreme Court in State v. Smith, 375 So.2d 1328, 1331-1332 (La. 1979), stated the implications of Boykin v. Alabama, supra:
"... The decision imposed a requirement that there be a canvassing of the guilty plea with the accused to make sure he has `a full understanding of what the plea connotes and its consequences.' The rule that this understanding be made a matter of record was to dispel any conclusion that ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might underlie or unduly influence the guilty plea. A free and voluntary guilty plea and knowledge of the consequences were basic standards of the Constitution pervading the rationale of Boykin."
The constitutionality of a guilty plea relies upon the accused's express and knowing waiver of his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. State ex. rel. LeBlanc v. Henderson, 259 So.2d 557 (La.1972). The Court in State v. Smith, supra, stated "... when a guilty plea is attacked in a post-conviction remedy, the judicial inquiry must always be what in fact occurred: Was the plea free and voluntary and was the defendant intelligently informed of its consequences?"
In State v. Washington, 406 So.2d 191 (La.1981), the Court stated:
"In Boykin the United States Supreme Court also advised (if it did not expressly require) the trial court to conduct an on-the-record examination of the defendant which should include an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences. Boykin, supra, 395 U.S. at 245 n. 7, 89 S.Ct. at 1713 n. 7; State v. Washington, 406 So.2d 191 (La.1981)."
It is doubtful whether the colloquy engaged in by the trial court and relator would satisfy the requisites of Boykin that the guilty plea be knowingly and intelligently entered. The trial court did not attempt to ascertain what relator understood about the consequences of the plea, whether he knew what the maximum sentence *1292 was, or if he had been coerced or promised anything in return for his plea of guilty. A mere recitation of rights does not always insure the intelligent and voluntary nature of the plea. State v. Halsell, supra; State v. Galliano, 396 So.2d 1288 (La.1981); State v. Beatty, 391 So.2d 828 (La.1980).
The voluntariness of a guilty plea must be determined according to the factors existing at the time it was entered. State v. Dunn, 408 So.2d 1319 (La.1982). Relator contends that he entered the plea believing that his attorney had worked out a deal with the state for a three year sentence. There is evidence that a plea bargain had been reached between relator and the assistant district attorney. The transcript reflects that two bribery charges and a criminal damage to property charge were nolle prossed. Also, relator agreed to forfeit the money seized in the bribery charges pursuant to the plea bargain. At no time during the discussion of the plea bargain did either party mention a sentence recommendation. A misunderstanding between counsel and defendant does not have the same implication as a breached plea bargain and does not render the guilty plea not "free and voluntary." State v. Lockwood, 399 So.2d 190 (La.1981).
At the time relator entered his guilty plea, the record reflects that the assistant district attorney, Mr. Duck, asked relator's counsel, Mr. Mouton, if he had advised relator of the charge. The following conversation then took place:
"MR. MOUTON:
That's right, I have. Also, I think the State agreed to nolle prosequi several other charges against Mr. Johnson.
MR. DUCK:
That's correct. And for the record, you have gone over this sheet [waiver of rights form] which is labeled State of Louisiana versus Ralph Johnson, CR-3792-84, Exhibit "A"?
MR. MOUTON:
That's right.
MR. DUCK:
And you've gone over this question and answer with him?
MR. MOUTON:
I've gone over it. Mr. Johnson has signed it and he understands his rights."
The only evidence in the record to support relator's claim that a plea bargain existed with respect to a sentence recommendation is relator's own self-serving testimony and the testimony of his friend, Davis. The trial court clearly did not find that testimony credible.
Taken together, a transcript of the Boykin colloquy and a written rights form may be sufficient to prove a knowing and voluntary waiver. State v. Tucker, 405 So.2d 506 (La.1981). In this instance, relator's attorney stated at the proceedings that he had gone over the rights form and that relator understood his rights. When the state relies upon a waiver of rights form to cure deficiencies which occurred during the Boykin colloquy, the courts have generally insisted that the forms be "well executed." Tucker, supra. In Tucker, supra, the Supreme Court found a waiver of rights form that was detailed, initialed by the defendant seven times, and signed by the defendant, defense counsel and the trial judge, was well executed.
In this case, although relator was a twice-convicted felon, his knowledge of his constitutional rights could not be presumed by the trial judge. The form signed by relator read as follows:
"1. What is your age? 33
2. Do you understand you are charged with the crime of attempted murder?
3. Do you understand that the maximum penalty for the crime with which you are charged is 50 years?
4. Do you understand that you have the right to a jury trial if you so desire?
5. Do you understand that you can waive the right to a jury trial if you so desire?
6. Do you understand you have the right to subpoena witnesses in your behalf?
*1293 7. Do you understand that you are presumed to be innocent until tried and proven guilty beyond a reasonable doubt?
8. Do you understand you have the right to confront witnesses against you and through your attorney cross examine those witnesses?
9. Do you understand if you go to trial and are convicted, you have the right of appeal of your conviction?
10. Do you understand that if you cannot afford an attorney for an appeal, the Court will appoint one for you?
11. Do you understand that if you plead guilty, you waive all the above rights?
12. Do you understand by pleading guilty you can be given the same punishments as if you plead not guilty and were tried and convicted by a jury?
13. Has anyone threatened, coerced, or promised to reward you, your family, or anyone else with anything to get you to plead guilty?
14. Are you pleading guilty of your own free will because you want to and on advice of counsel?
15. Are you pleading guilty because you are guilty?
16. Have you had all the time you needed to discuss each phase of this matter with your lawyer?"
Beside each question there was a space provided for relator to indicate his desired response by checking off either "yes" or "no". Relator satisfactorily answered all the questions except question 2 about the maximum penalty for the crime of attempted murder. The form is signed by relator, his attorney and the trial judge. Although the trial judge should have informed relator of the elements of the crime and the maximum sentence that could be imposed, it has been held that the due process requirement of notice may be satisfied by an explanation from another source, such as defense counsel. See State ex. rel. Halvorsen v. Blackburn, 388 So.2d 806 (La.1980). In this case, relator's counsel stated on the record that he had gone over the form with relator. There is a strong indicia of reliability of the lawyer's statement to the court since a lawyer is under an obligation to be truthful in his representations to the court. See Ethical Considerations and Disciplinary Rules of the Louisiana State Bar Association's Code of Professional Responsibility, Title 37, Chapter 4-Appendix. The trial judge obviously did not find credible either relator's testimony or Davis's testimony that relator's attorney did not go over the waiver of rights form with him before he entered the guilty plea.
"There is a potential for abuse of the accused's constitutional rights in the continued use of printed `waiver of rights' forms, and for this reason their use is to be discouraged." Tucker, supra at 509. Although the trial judge should have questioned relator further about the consequences surrounding the entering of a guilty plea, we find the waiver of rights form to be "well executed" and that defense counsel's explanation of the form made it sufficient to inform relator of his constitutional rights and the consequences of entering a plea of guilty. There is evidence in the record to support the trial court's finding that the plea was knowingly and intelligently entered and the plea must stand.
We find that these assignments of error lack merit.
ASSIGNMENT OF ERROR NO. 3:
By this assignment, relator asserts that the trial court erred in finding that he had effective assistance of counsel since counsel was not present to testify at the hearing for post conviction relief.
In determining whether counsel was competent, the standard to be applied is whether "his representation fell below the range of competency demanded of attorneys in criminal cases." State v. Boatright, 406 So.2d 163, 165 (La.1981); State v. Beatty, supra; State v. Myles, 389 So.2d 12 (La.1979). The Fifth Circuit has elaborated on the standard:

*1294 "When a guilty plea is entered, it is defense counsel's duty to assist actually and substantially the defendant in deciding whether to plead guilty and to ascertain whether the plea is entered knowingly and voluntarily ... Counsel must be familiar with the facts and the law in order to advise the defendant meaningfully of the options available ... This includes the responsibility of investigating the potential defenses so that the defendant can make an informed decision... Counsel's advice need not be the best, but it must be within the realm of competence demanded of attorneys representing defendants in criminal cases at that time. Rogers v. Maggio, 714 F.2d 35 (5th Cir.1983) quoting Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir.1981) cert. denied 456 U.S. 992, 102 S.Ct. 2275, 73 L.Ed.2d 1288 (1981)."
There was evidence presented that defense counsel was hard to contact in the months before relator's trial date, that he failed to appear for scheduled court dates, and that he moved for and then waived a preliminary hearing. When defense counsel failed to appear for a second court date, another attorney was appointed for relator but was later dismissed by relator in favor of original counsel. Relator also testified that his attorney failed to subpoena any witnesses on his behalf.
Mr. Mouton was not available at the hearing, but from the record it appears that relator was given competent assistance. Relator was represented by counsel at each stage of the proceedings. There is evidence that Mr. Mouton was successful in setting up a plea bargain agreement with the prosecutor which resulted in other charges being dropped. Also, when the guilty plea was entered, Mr. Mouton stated that he went over relator's constitutional rights with him and was satisfied that he understood them. The trial court obviously did not find relator's testimony credible and the record supports a finding that relator received competent assistance.
Accordingly, we find this assignment of error lacks merit.
There is no error in the trial court's ruling.
WRIT DENIED.