BYRNES, Judge.
The defendant appeals the multiple offender statute as unconstitutionally excessive as applied to demanding a minimum twenty-year sentence without good time or parole for the crime of obscenity. We affirm.
On June 15, 1989, the State filed a bill of information charging the defendant Wax-ter with violating La.R.S. 14:106(A)(1) rela *570 tive to obscenity, by exposing his genitals in a public place. On September 6, 1989, the defendant entered a plea of not guilty. On October 18, 1989, a six person jury found the defendant guilty as charged. On November 3, 1989, the defendant filed a motion for a new trial which was denied. On the same date, the State filed a multiple bill of information charging the deféndant with being a quadruple felony offender under the provisions of La.R.S. 15:529.1. The defendant was so adjudicated, and sentenced to serve the minimum period of twenty years at hard labor, without benefit of parole or good time.
At trial, New Orleans Police Officer Louis Dabdoub testified that on May 6, 1989, while working a paid detail, he was summoned by a woman to the Moonwalk where he saw the defendant lying down on his back, with his pants down, masturbating.
The defendant testified that he had gone to use the restroom but it was locked, so he went up on the levee and urinated, after which he was arrested. The defendant’s girlfriend testified that she remembered the incident clearly, that around midnight the defendant had sought to relieve himself and had been arrested. However, Officer Dabdoub, and the defendant, testified the incident occurred during the day.
In rebuttal, Officer Dabdoub testified that the restrooms were always unlocked during the day, and that part of his duties on the detail were to check on the bathrooms regularly. He further testified that in the morning he had checked on the bathrooms and they were open.
The defendant’s sole assignment of error is whether the multiple offender statute is unconstitutional as applied to him, a fourth offender convicted of violating La.R.S. 14:106(A)(1), obscenity. The defendant argues that the minimum statutory sentence under R.S. 15:529.1, twenty years at hard labor, without benefit of parole or good time, is unconstitutionally excessive for a conviction of violating La.R.S. 14:106(A)(1).
Article 1, Section 20 of the Louisiana Constitution of 1984 provides that “No law shall subject any person ... to cruel, excessive or unusual punishment.” A sentence within the statutory limit is constitutionally excessive if it is “grossly out of proportion to the severity of the crime” or is “nothing more than a purposeless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985). Generally a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in LSA-C.Cr.P. Article 894.1, and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983). If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case. State v. Brogdon, supra; State v. Guajardo, 428 So.2d 468 (La.1983).
La.C.Cr.P. Art. 894.1. Sentence guidelines; generally:
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be proved most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the , defendant’s crime.
Officer Dabdoub testified that the defendant committed the crime on the Vieux Carre Moonwalk levee, approximately twenty feet away from two females sunbathing, and a woman waiting at the street car stop. The defendant had his pants pulled down.
Imposition of a minimum sentence under R.S. 15:529.1, versus the maximum sen *571 tence of life imprisonment, is not unconstitutional. Through R.S. 15:529.1 does not on its face prohibit either parole or good time, R.S. 15:571.3(C) will operate to deny the defendant good time and R.S. 15:574.-4(A)(1) does not allow the defendant to be eligible for parole.
In the instant case, the defendant has at least three prior felony convictions. In 1980 the defendant was convicted of R.S. 14:65.1, purse snatching, classified as an offense against the person and sentenced to six years and eight months at hard labor. In 1983, the defendant was convicted of felony theft, and sentenced to six months in Orleans Parish Prison. In 1986, the defendant was again convicted of felony theft and sentenced to eighteen months in the Louisiana Department of Corrections. Although deleted from the multiple bill, in the present case, the defendant was convicted of a felony in 1979 and sentenced to two years in Orleans Parish Prison. Based on the record, the defendant is a career criminal.
The instant case is clearly distinguishable from Solem v. Helm, cited by the defendant, because the defendant has received the minimum, and not the maximum sentence of life imprisonment. Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In Solem, the Supreme Court found the maximum sentence of life imprisonment without parole to be constitutionally excessive for a habitual offender who pled guilty to a bad check charge including one hundred dollars. Id. However the Court noted in Helm that a lesser sentence under the Habitual Offender Statute could have been “entirely consistent with both the statute and the Eight Amendment.” Id. 103 S.Ct. at 3014.
In Rummel, the Supreme Court stated the theory of a recidivist statute as follows:
[The] primary goals are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation and its duration are based not merely on that person’s most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes. Like the line dividing felony theft from petty larceny, the point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction. Rummel v. Estelle [445 U.S. 263], 100 S.Ct. 1133 at 1144-45 [63 L.Ed.2d 382] (1980).
La.R.S. 15:529.1 does not impose an unconstitutionally excessive punishment. The defendant’s argument that he should not receive more than the statutory maximum for a substantive crime would require this court to find that the trial court could not apply the habitual offender law at all. The defendant, by receiving a minimum sentence, was certainly not sentenced to a constitutionally excessive sentence as a fourth time felony offender.
For the foregoing reasons, we affirm.
AFFIRMED