610 So.2d 827 (1992)
STATE of Louisiana
v.
Darnell K. BRIDGES.
Nos. 91-KA-1719, 91-KA-2610.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 1992.
*828 Harry F. Connick, Dist. Atty. of Orleans Parish, Jack Peebles, Asst. Dist. Atty. of Orleans Parish, New Orleans, for appellee.
M. Craig Colwart, Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before SCHOTT, C.J., and JONES and LANDRIEU, JJ.
JONES, Judge.
Defendant, Darnell Bridges, appeals his conviction and sentence for possession of cocaine, a violation La.R.S. 40:967. We affirm defendant's conviction, vacate his sentence and remand this matter to the trial court for resentencing.
On April 11, 1991, Officer Chenevert and two other officers received a call at 10:56 p.m. from the dispatcher concerning a suspicious person possibly selling narcotics at Clio and Baronne Streets. The person was described as a black male wearing a yellow shirt.
Chenevert and the other officers arrived at Clio and Baronne at 11:07 p.m. They saw defendant, who wore a yellow shirt, standing in the doorway of a convenience store. Defendant was the only person in the area who fit the description.
Defendant saw the police officers arrive, and he walked into the "lobby area" of the convenience store. The officers walked up to the defendant to interview him. The officers decided to frisk defendant because the area was known for a high amount of sales and use of narcotics and drug dealers were known to carry weapons.
The officers asked defendant to place his hands against the wall, and defendant placed his left hand flat against the wall but kept his right hand clenched. Believing that defendant may have had "some type of weapon or narcotics in his right hand," Chenevent asked defendant to unclench his hand. Defendant refused to do so, and a struggle ensued between him and the officers. Defendant was subdued and handcuffed, and defendant's hand was unclenched revealing a broken glass tube with a burned residue inside. The tube was believed to be used to smoke crack cocaine, the source of the burned residue.
Defendant was charged by bill of information with possession of cocaine on May 9, 1991. Defendant pleaded not guilty, and he filed a motion to suppress the evidence which the trial court denied. On June 10, 1991, a six-person jury was seated for defendant's trial, but defendant changed his plea to guilty as charged. Defendant's motion to appeal the denial of the motion to suppress the evidence was granted pursuant to State v. Crosby, 338 So.2d 584 (La. 1976). After waiving all delays, defendant was sentenced to thirty (30) months at hard labor. The State filed a multiple bill, and on September 26, 1991, a hearing was held thereon. The trial court adjudicated defendant a second offender and vacated his sentence. The trial court resentenced defendant to thirty months at hard labor.
The record pertaining to the Crosby appeal was lodged in this court on August 14, 1991 (91-KA-1719). The record pertaining *829 to the multiple bill was lodged on December 5, 1991 (92-KA-2610). By order of this court on December 10, 1991, both appeals were consolidated for review.
A review of the record reveals no errors patent.
By his first assignment of error, defendant complains that the trial court erred in denying his motion to suppress the evidence. He argues that the police had no reasonable suspicion when they stopped him because he was not doing anything suspicious when they saw him and they did not corroborate the information received from the dispatcher. He further argues that the forcing open of his closed hand exceeded the permissible scope of a search incident to an investigatory stop because Chenevert testified that defendant's hand was forced open to see if he held a weapon or narcotics. Defendant also argues that the officers had no reasonable basis to believe that he actually had a weapon in his closed hand.
A police officer has the right to stop a person and investigate conduct when he has a reasonable suspicion that the person is, has been, or is about to be engaged in criminal conduct. La. C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Andrishok, 434 So.2d 389 (La.1983). Reasonable suspicion for an investigatory stop is something less than probable cause; and it must be determined under the facts of each case whether the officer had sufficient articulable knowledge of particular facts and circumstances to justify an infringement upon an individual's right to be free from governmental interference. State v. Albert, 553 So.2d 967 (La.App. 4th Cir.1989); State v. Smith, 489 So.2d 966 (La.App. 4th Cir. 1986).
The totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Belton, 441 So.2d 1195 (La.1983), cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Although the suspect's furtiveness may be highly suspicious and is a factor to be considered, his flight, nervousness, or startled look at the sight of the officer, without any relationship to a violation of the law, is insufficient to justify an investigatory stop. Id. The reputation of an area is an articulable fact upon which a police officer can rely and which is relevant in a determination of reasonable suspicion. State v. Richardson, 575 So.2d 421 (La.App. 4th Cir.1991), writ denied 578 So.2d 131 (La. 1991); State v. Burnett, 513 So.2d 391 (La.App. 4th Cir.1987). A trial judge's decision to deny a motion to suppress is to be afforded great weight, and it will not be set aside unless the preponderance of the evidence clearly mandates it. State v. Lee, 545 So.2d 1163 (La.App. 4th Cir.1989).
Although defendant was not engaged in any kind of suspicious activity when the police arrived at the scene and the description of the suspicious person given by the dispatcher was not very detailed, defendant was wearing a yellow shirt and was where the dispatcher stated that the suspicious person wearing the yellow shirt would be. Additionally, that person was said to be possibly selling drugs, and the area was known for its high incidence of narcotics trafficking. Considering the totality of the circumstances, the police had reasonable suspicion to make an investigatory stop of defendant.
Under La.C.Cr.P. art. 215.1(B), when a law enforcement officer lawfully stops a person for questioning, he may frisk the person's outer clothing for a dangerous weapon; and if the officer reasonably suspects that the person has a dangerous weapon, he may search the person. The officer need not be absolutely certain that the person is armed, but the officer must be warranted in his belief that his safety or that of others is in danger. State v. Lightfoot, 580 So.2d 702 (La.App. 4th Cir.1991).
Under the circumstances, Chenevert and his fellow officers were justified in forcing open defendant's clenched fist. Chenevert unequivocally stated that he believed that defendant could have had a weapon, such as a pocketknife, in his hand.
Accordingly, the trial court's denial of defendant's motion to suppress was not clearly wrong. This assignment of error is without merit.
*830 By his second assignment of error[1], defendant complains that the trial court erred in finding him a second offender because the State failed to make a sufficient showing that defendant had been advised of his rights prior to entering a plea of guilty to the prior offense.
At his multiple bill hearing, defendant admitted that he was the same person who pleaded guilty to possession of cocaine in Case No. 338-498. However, defense counsel objected to defendant's being adjudicated a second offender because the minute entry of the guilty plea indicated that defendant was advised of his rights under La.C.Cr.P. art. 780 (right to waive trial by jury) but none of his other rights as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and because the only evidence that those rights had been given was the guilty plea form signed by defendant. The trial judge stated that he felt that the guilty plea form was sufficient.
As a general rule, the best method of proving that the defendant freely and voluntarily waived his constitutional rights is a recorded transcript of the Boykin examination. State v. Johnson, 551 So.2d 16 (La.App. 4th Cir.1989). But the transcript is not indispensable when the record contains some other affirmative showing that the defendant was advised of his constitutional rights. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Smith, 477 So.2d 875 (La.App. 4th Cir.1985). In State v. Bland, 419 So.2d 1227 (La.1982), the Supreme Court found that a minute entry indicating that a full Boykin colloquy took place was sufficient to show a knowing and voluntary waiver of rights as to the prior conviction.
In State v. Rome, 469 So.2d 1150 (La. App. 4th Cir.1985), the only evidence introduced at the multiple bill hearing that the defendant had waived his constitutional rights was the guilty plea form showing a waiver of those rights. There was a minute entry in the record which did not show whether the required colloquy was held. This court held that the State failed to meet its burden of proof.
In the present case, the State failed to prove that defendant was a second offender. The minute entry does not show that defendant was fully advised of his constitutional rights and that he waived those rights, and the guilty plea form showing a waiver of those rights is insufficient proof of that waiver. Therefore, defendant's adjudication as a second offender should be reversed and the case remanded so that defendant can be resentenced.
For the foregoing reasons, the defendant's conviction is affirmed and his adjudication as a second offender is reversed. This case is remanded for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.
NOTES
[1] This is designated as Assignment of Error No. 1 in 91-KA-2610.