617 So.2d 515 (1993)
STATE of Louisiana
v.
Darnell K. BRIDGES.
Nos. 91-KA-1719, 91-KA-2610.
Court of Appeal of Louisiana, Fourth Circuit.
January 28, 1993.
Harry F. Connick, Dist. Atty. of Orleans Parish, Jack Peebles, Asst. Dist. Atty. of Orleans Parish, New Orleans, for appellee.
M. Craig Colwart, Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before SCHOTT, C.J., and JONES and LANDRIEU, JJ.
PER CURIAM.
We granted a rehearing in this matter to resolve a conflict of law that exists in this circuit. Our original opinion 610 So.2d 827 in this matter conflicted with an earlier opinion of this court in State v. James, 599 So.2d 1104 (La.App. 4th Cir.1992) and the James opinion conflicted with State v. Rome, 469 So.2d 1150 (La.App. 4th Cir. 1985).
James is an unpublished opinion and has no precedential value. We now affirm *516 Bridges and designate it for publication as the law to be followed.[1]
For this reason, we again affirm the trial court's conviction of defendant but vacate his sentence and remand for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING
KLEES, LOBRANO, WARD, ARMSTRONG, PLOTKIN and WALTZER, JJ., concur as to Footnote 1.
BARRY, BYRNES and CIACCIO, JJ., dissent as to Footnote 1.
BARRY, Judge, dissenting with reasons.
The U.S. Supreme Court has recently considered the Kentucky persistent felony offender sentencing statute under a Fourteenth Amendment due process analysis in Parke v. Raley, ___ U.S. ___, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). The Kentucky courts have interpreted that statute so that the state must prove the existence of the guilty plea upon which it relied if the defendant challenged a previous conviction. Once the state proves the guilty plea, the presumption of regularity attaches and the burden shifts to the defendant to prove that his rights were infringed upon in the earlier proceedings. The U.S. Supreme Court carefully notes that Raley was attacking the validity of a prior guilty plea in a separate recidivism proceeding and not in a direct review of the conviction (as in Boykin).
The Louisiana statute has never been interpreted similarly to the Kentucky statute, i.e., to shift the burden from the state when it has proven the previous conviction beyond a reasonable doubt (presumption of regularity attaches) to the defendant to produce evidence that his rights were infringed upon or procedural irregularity occurred. Under Kentucky law if the defendant refutes the presumption of regularity the burden shifts to the government to affirmatively show that the underlying judgment was entered in a manner that protected the defendant's rights.
Louisiana jurisprudence has consistently held that a prior guilty plea cannot be used unless the record affirmatively discloses that the prior guilty plea was knowingly and voluntarily made with an awareness of its consequences. If the defendant objects that the guilty plea was not knowing or voluntary, the State then has the burden to affirmatively show that the defendant waived his constitutional rights to a jury trial, to confront his accusers and his privilege against self-incrimination. State v. Smith, 415 So.2d 930 (La.1982) (on rehearing); State v. Kelly, 524 So.2d 123 (La.App. 4th Cir.1988), writ denied 531 So.2d 262 (La.1988).
Parke v. Raley has no direct effect on Bridges or Louisiana jurisprudence. However, the fact that the U.S. Supreme Court upheld the Kentucky statute, which shifted the burden to the defendant, certainly indicates a greater latitude under recidivist statutes and their interpretation. The U.S. Supreme Court opinion is a clear indication that a more strict interpretation of our jurisprudence as to what constitutes a valid waiver is not required by reviewing courts.
Bridges is a close case under the settled Louisiana jurisprudence. According to the minute entry the defendant was advised of his rights under Art. 780 (the right to trial by jury) but there is no mention of his right to confront his accusers or his privilege against self-incrimination. However, Bridges initialed each right on the waiver of rights form and signed a statement that the court had addressed him "as to all these matters."
A waiver of rights form alone has not been sufficient to prove a knowing and voluntary guilty plea. State v. Rome, 469 So.2d 1150 (La.App. 4th Cir.1985). The Bridges record contains more than a waiver of rights form. The minute entry stated that the defendant was advised of his rights under La.C.Cr.P. art. 780 (trial by jury) and he initialed each right on the form and signed that the court had addressed him as to "all these matters."
*517 I would affirm the enhanced sentence under our prior jurisprudence.
I respectfully dissent.
NOTES
[1] In accordance with the internal rules of the court this question of affirming Bridges was presented to the court en banc. A majority have approved.