618 So.2d 455 (1993)
STATE of Louisiana
v.
Miguel STEMLEY.
No. 91-KA-1975.
Court of Appeal of Louisiana, Fourth Circuit.
April 28, 1993.
*456 Harry F. Connick, Dist. Atty. and Jack Peebles, Asst. Dist. Atty., New Orleans, for appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for appellant.
Before BARRY, CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
Defendant, Miguel Stemley, was charged by bill of information with two (2) counts of distribution of cocaine.
Defendant was arraigned on May 13, 1991 and pled not guilty to both counts.
Trial was held on June 16, 1991 and a twelve member jury found defendant guilty as charged on both counts.
On July 3, 1991, defendant was sentenced to serve twenty (20) years at hard labor on each count to run concurrently. Subsequently, the state filed a multiple bill charging defendant with being a third felony offender. On July 17, 1991, defendant was adjudicated a second felony offender. Defendant's sentence on count one was vacated and defendant was re-sentenced on that count to serve fifteen (15) years at hard labor as a multiple offender. The multiple bill sentence is concurrent with the sentence on the other count.

FACTS:
During the early part of 1991, the New Orleans Police Department conducted an undercover operation dubbed "Operation Snowstorm". Participating in the operation was Officer Benjamin Johnson. Officer Johnson was equipped with a one-way body communicator and was assigned to the street to make drug buys. On February *457 28, 1991, at approximately 6:00 p.m., Officer Johnson, while driving in the 1100 block of Piety Street, was flagged down by a man later identified as defendant. When defendant walked over to Johnson's car, Johnson asked defendant what he had. Defendant replied that he had "twenty", referring to a $20.00 piece of crack cocaine. He asked Johnson how many he wanted. Johnson replied that he wanted a "twenty". Defendant then directed Johnson to pull over to the curb and turn off his headlights. Johnson complied. Defendant then went inside a double house located on the corner of Piety and Marais Streets. Within minutes, defendant emerged from the house, walked back to Johnson's car and handed him two small plastic bags each containing a piece of rock cocaine. Johnson then gave defendant $20.00 bill and drove away.
Johnson immediately radioed defendant's description to two waiting officers who proceeded to the area of the drug transaction. The officers stopped defendant on a "check for guns". Defendant filled out a field interview card, which included defendant's name, address, birthdate, description and social security number. Meanwhile, Johnson drove past and indicated to the other officers that they were interviewing the man who sold him the cocaine.
On March 7, 1991, at approximately 3:00 p.m., Officer Johnson returned to the 1100 block of Piety Street. Again defendant flagged down Johnson. Again defendant sold Johnson two bags containing crack in exchange for $20.00. Johnson drove from the area and again radioed defendant's description to the backup officers. The officers again detained defendant and had him complete a field interview card. Again Johnson informed the officers that defendant was the man who sold him the cocaine.
Defendant appeals his conviction as a second offender and his sentence asserting the following assignments of errors:
1) The trial court erred in finding defendant to be a second offender because:
(a) the trial court erroneously found the minute entry of the predicate plea to be sufficient evidence that the plea had been made after a knowing and voluntary waiver of rights;
(b) The trial court erroneously accepted counsel's admission to identity without personally addressing the defendant as to his alleged admission;
2) The trial court erred in imposing an unconstitutionally excessive sentence;
3) It was error by the State to not produce Officer Timothy Walsh at motion hearings and at trial.[1]
ASSIGNMENT OF ERROR 1:
Defendant asserts the trial court erred by adjudicating him a second offender. He presents two arguments: (1) the State failed to prove that his prior plea was voluntarily given; and (2) the trial court failed to advise him of his rights prior to accepting his stipulation that he was the same person convicted in the prior plea.
Defendant was charged in the multiple bill as a third offender. The State offered defendant's March 15, 1988 plea of guilty to simple possession of marijuana, (Case No. 324-528 "G") and defendant's September 9, 1989 plea of guilty to possession of cocaine, (Case No. 337-182 "D"). Defense counsel objected to the sufficiency of each set of documents in that there was no reference to any colloquy between the court and the defendant. Defense counsel also stipulated to the identity of defendant as the man convicted in both cases. The court reviewed the documents and found that there was sufficient proof of Boykinization as to the plea of guilty to possession of marijuana but not as to the plea of guilty of possession of cocaine. The trial court then found defendant to be a second offender.
The documentation introduced in support of the guilty plea to possession of marijuana (Case No. 324-528 "G") consisted of the bill of information, the plea of guilty waiver of rights form, the minute entry of the plea of guilty and sentencing, *458 the docket master and the arrest register. The waiver of rights form advised defendant of his three Boykin rights, along with other rights. It was initialed and signed by defendant, his attorney and the trial judge. The form also contains the statement that the judge personally addressed defendant "as to all of these matters" and "has given me the opportunity to make any statement I desire". The minute entry does not mention Boykin, nor does it refer to the plea form. It does states, however, "The Court interrogated the defendant as to his constitutional rights and then ordered the guilty plea recorded."
Defendant asserts these documents are deficient because the minute entry does not affirmatively show that the court questioned defendant as to all of his Boykin rights. We disagree.
For there to be a knowing and intelligent waiver of constitutional rights in conjunction with a plea of guilty, a defendant must be informed of his privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
The colloquy between the trial court and the defendant is the preferred evidence to show a defendant knowingly and voluntarily waived his rights. It, however, is not indispensable when the record contains other evidence of a proper waiver. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Kelly, 524 So.2d 123 (La.App. 4th Cir.1988), writ den. 531 So.2d 262 (La.1988).
In State v. Tucker, 405 So.2d 506 (La. 1981), our Supreme Court stated:
"... the minute entry concerning the abbreviated colloquy along with the well executed `waiver of rights' form signed by defendant, his attorney and the trial judge constitute a sufficient affirmative showing in the record that defendant knowingly and intelligently waived his constitutional privilege against self-incrimination, right to trial by jury, and right to confront his accusers." at p. 509.
The minute entry in Tucker indicated that the trial judge "questioned the accused under oath regarding his plea of guilty." Id.
In the instant case, it is our opinion that the minute entry which reflects that the Court "interrogated defendant as to his constitutional rights" along with the plea of guilty form, initialed and signed by the defendant, his attorney and the judge constitute a sufficient showing that there was a proper voluntary plea by defendant of the predicate offense. We have no doubt that defendant knowingly and intelligently waived his constitutional (Boykin) rights prior to entering the plea.
We distinguish the instant case from our decision in State v. Bridges, 610 So.2d 827 (La.App. 4th Cir.1992), rehearing granted, affirmed en banc 617 So.2d 515. In Bridges, the minute entry reflected that defendant was advised only of his rights under Code of Criminal Procedure Article 780 (the right to waive trial by jury). We held that minute entry insufficient. Here the court advised defendant of his "constitutional rights" which, coupled with the guilty form signed by defendant, his attorney and the judge, constitutes sufficient proof that his plea was knowingly and voluntarily given.
Defendant also complains that the trial court failed to advise him of his rights prior to the stipulation to his identity in the predicate offense, citing State v. Moffett, 572 So.2d 705 (La.App. 4th Cir.1990).
Subsequent to the filing of both briefs in this matter this Court reversed its position with respect to this issue. In State v. Wright, 598 So.2d 1267 (La.App. 4th Cir. 1992), writ den. 604 So.2d 969 (1992), this court held that in cases where a defendant stipulates to his identity but does not plead guilty to the multiple bill he need not be advised of the rights enunciated in Moffett, supra. That is, only where the defendant pleads to the multiple bill is Moffett applicable.
We find no merit in this assignment of error.
ASSIGNMENT OF ERROR 2:
Defendant asserts the trial court erred by imposing an excessive sentence. Because we have affirmed the multiple bill *459 adjudication on count one and the sentence imposed, 15 years, is the statutory minimum he could receive, his sentence cannot be excessive as to count one. We therefore address the issue with respect to the second count only.
On July 3, 1991, defendant was originally sentenced to serve twenty (20) years at hard labor on each count, to run concurrently. Prior to sentencing, however, the state noted its intent to charge defendant as a third offender. The sentencing judge then stated that he was aware of both the aggravating and mitigating circumstances listed in Code of Criminal Procedure Article 894.1. The court noted defendant's prior convictions and that he was on probation at the time he committed the instant offense.
Upon sentencing defendant, the court stated:
"..., that the sentence that I will give you this morning will be the minimum sentence that I'm going to be required to give you. The sentence I give is the very least amount that I can give you. It's a very severe sentence, but, unfortunately, the law of this State is that what I give you right now is the very least I can give you. And it is unfortunate, very unfortunate." (emphasis added).
From a reading of the transcript it is apparent that the sentencing court based the original sentence (on both counts) on the belief that defendant would be adjudicated a third offender which requires a minimum of twenty years. LSA R.S. 15:529.1(A)(2)(a). This is even more apparent when, upon being adjudicated a second offender, the sentencing court re-sentenced defendant to a lesser term (the minimum of fifteen years) than he received as a first offender on the other count. LSA R.S. 15:529.1(A)(1). Thus, we are satisfied that the record reflects the sentencing court did not tailor defendant's sentence to the facts and circumstances of the case, but rather on the assumption that defendant would be multiple billed as a third offender. Accordingly we vacate the twenty year sentence on count two and remand for resentencing.
ASSIGNMENT OF ERROR 3:
Defendant asserts that his conviction should be reversed because the state erred by not calling to the stand Officer Timothy Walsh at the suppression hearing and at trial. Defendant argues that Officer Walsh should have been produced because he was the officer who completed the field interview card and did the computer check of defendant's name. Defendant's claim has no merit. First, defendant does not specify how he was prejudiced by Officer Walsh's failure to testify. Second, Officer William Prats, Officer Walsh's partner was on the scene with Officer Walsh when the field interview card and computer check were completed. Officer Walsh's involvement in the case was no greater than Officer Prats' or involved any actions about which Officer Prats could not testify. Officer Walsh's testimony would have been merely cumulative to that of Officer Prats.
Thus, for the foregoing reasons, defendant's convictions are affirmed. Defendant's adjudication as a second offender is affirmed. His sentencing on count two is vacated, and the matter is remanded for sentencing on that count.
CONVICTIONS AND MULTIPLE BILL ADJUDICATION AFFIRMED; SENTENCE ON COUNT TWO VACATED; REMANDED.
NOTES
[1] Assignment of error 3 was filed by defendant Pro Se.