JONES, Judge.
This matter is before us on remand from the Supreme Court for reconsideration in light of State v. Shelton, 621 So.2d 769 (La.1993) to determine whether defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights.
Defendant, Darnell Bridges, appealed his conviction for possession of cocaine, a violation of La.R.S. 40:967, and sentence as a second offender. On appeal this court affirmed defendant’s conviction, vacated his sentence, and remanded the matter for re-sentencing. State v. Darnell Bridges, 610 So.2d 827 (La.App. 4th Cir.1992); aff'd per curiam, 617 So.2d 515 (La. 4th Cir.); writ granted and remanded for reconsideration, 629 So.2d 1156 (La.1993). This court reasoned that the defendant’s adjudication as a second offender was improper because the guilty plea form showing a waiver of his constitutional rights was insufficient proof that defendant waived those rights. The issue of the proper burden of proof in habitual offender proceedings was submitted to this Court, en banc, and a majority voted to affirm Bridges, supra at 617 So.2d 515.
The Supreme Court granted writs and remanded this matter to us for reconsideration in light of Shelton, supra.
In Shelton, supra, the Supreme Court articulated the following scheme for allocating burdens of proof in habitual offender proceedings:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a “perfect” transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than a “perfect” transcript, for example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the Boykin rights.
Shelton at 779-780. Emphasis added.
This language suggests that the defendant is entitled to a hearing when the evidence is anything short of a transcribed colloquy specifically advising the defendant of each of his Boykin rights. In the instant case, the record reveals that the only evidence supporting that defendant’s prior guilty plea was made with an articulated waiver of his Boykin rights was a minute entry stating that defendant was advised of his right to a trial by jury and a waiver of rights form. This evidence is insufficient to affirm defendant’s adjudication as a second offender.
For the foregoing reasons, we again affirm defendant’s conviction, vacate his sentence as a second offender and remand this matter to the trial court for proceedings not inconsistent with this opinion and State v. Shelton, supra.

CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED FOR RE-SENTENCING.