| iKLEES, Judge.
On October 21, 1991, the defendant was charged by bill of information with possession of cocaine with intent to distribute, a violation of R.S. 40:967. On January 22, 1992, a twelve member jury found him guilty of possession of cocaine. On January 29, 1992, the State filed a multiple bill charging the defendant with being a fourth offender. He pled not guilty. On August 3, 1992, the trial court found the defendant to be a fourth offender and sentenced him to twenty years at hard labor. He then filed this appeal.

ERRORS PATENT:

None.

*1091
FACTS:

On September 17, 1991, at approximately 10:00 p.m., police officers received information from a confidential informant that the defendant was selling cocaine from a residence at 4515 South Robertson and from his ear, a burgundy Oldsmobile. They immediately placed the house under surveillance and saw the defendant drive up in the ear at approximately 11:00 p.m. The defendant exited the car and spoke to a man in front of the house. He walked back to the car and retrieved a white object from under the front seat. The officers approached. The defendant ran into the house. The other man ran to the backyard and escaped. The officers followed the defendant into the house, and the defendant threw down a plastic bag containing four smaller bags which contained white powder. The defendant was arrested and advised of his rights. At the police station, the defendant said that he was bringing the drugs to the house. The white powder tested positive for cocaine. The officers also seized $172.00 from the defendant’s person.
Betty Ann Richberg testified that she was the resident of 4515 South Robertson at the time of the defendant’s arrest. She later moved from the residence because there was a lot of drug activity next door at 4513. On the night in question, the defendant came over to her house to visit. She saw him stop in the front yard and speak to her son and cousin. The officers approached and chased him into the house. Her ex-boyfriend and her child |2were in the house. She said she did not see the defendant attempt to hand anything to anyone. She did not see anything in his hand, and she did not see him throw anything to the ground. She said an officer went into the apartment next door and emerged with drug paraphernalia.
The defendant testified he was speaking to “Mack” and his cousin in the front yard when he heard tires squealing. Thinking that a robbery was about to take place, he ran into the house. The officers chased him into the house and threatened to shoot him. He denied possessing any drugs. He admitted he had prior convictions for theft, possession of marijuana, possession of a cocoa leaf, possession of valium, and possession of one marijuana cigarette. He said the court had ordered him to go to a rehabilitation program. He said he pled guilt to all of those crimes. Counsel began asking him why he had pled guilty. The State objected, and the court sustained the objection on relevancy grounds and because the answer might have “opened the door to something that [the court] did not want the jury to hear about.” On cross, he admitted to seven prior convictions. He denied saying that he had brought drugs to the house.

ASSIGNMENT OF ERROR ONE:

During his testimony, the defendant admitted that he had seven prior convictions. Defense counsel then asked him why he had pled guilty to those crimes. Evidently, the defense wanted evidence before the jury that the defendant pled guilty to all of those crimes because he was guilty whereas in this case, he did not pled guilty because he was not guilty. The State objected, and the trial court sustained the objection on the ground that the evidence was not relevant.
C.E. art. 401 provides “ ‘relevant evidence’ means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” It is well established that the prosecution may question the defendant as to the details of prior conviction in order to impeach his credibility. However, that questioning must be of a limited nature and may not go into far-reaching and irrelevant matters, which might prejudice the rights of the accused. State v. Talbert, 416 So.2d 97 (La.1982); State v. Connor, 403 So.2d 678 (La.1981); State v. Oliver, 387 So.2d 1154 (La.1980). The extent of inquiry which is allowable depends upon the facts of each case, and the trial judge’s discretion in determining the scope of prosecutorial questioning is great and will not be disturbed on appeal absent a showing of abuse. State v. Chaney, 423 So.2d 1092 (La.1982); State v. Thompson, 364 So.2d 908 (La.1978).
Here, when the defendant took the stand, his credibility was at issue. The defense was well aware that the State could ask him *1092 about his prior convictions. Thus, by attempting to establish that the defendant pled guilty to those offenses because he was guilty, but that in this case he pled not guilty because he was not guilty, the defense was attempting to bolster the defendant’s credibility. Despite the wide discretion afforded the trial court erred in finding evidence, that the defendant pled guilty to prior crimes because he was not guilty, as irrelevant. That evidence tended to make the fact that the defendant was credible more probable. However, it appears that the error was harmless. Given the fact that the defendant had seven prior convictions, the majority of them for drug possession, evidence that he pled guilty to those charges, and did not plead guilty to this charge, would not have effected the outcome of the trial.
This assignment is without merit.

ASSIGNMENT OF ERROR TWO:

The defendant argues there was insufficient proof of the voluntariness of one of the guilty pleas used in the multiple bill, 331-883. The defendant filed a motion to quash on this basis which the trial court denied.
In order for there to be a knowing and voluntary waiver of constitutional rights in a guilty plea, the defendant must be informed of his privilege against self-incrimination, the right to a jury trial, and the right to confront one’s accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Boykin was adopted by the Louisiana Supreme Court in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) and held to apply to all pleas of guilty taken after December 8, 1971. In Parke v. Raley, — U.S.-, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), the United States Supreme Court approved Kentucky’s procedure which shifts the burden of proving the involuntariness of the prior plea Uto the defendant. That decision was followed by the Louisiana Supreme Court in State v. Shelton, 621 So.2d 769 (La.1993).
State v. Shelton sets forth a revised procedure for determining the burden of proof required in multiple offender proceedings. Specifically, the court stated:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden shifts to the State. The State will meet its burden of proof if it introduces a “perfect” transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than a “perfect” transcript, for example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge must then weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of Boykin rights. Id. at 779-80.
In State v. Bridges, 632 So.2d 844, 845 (La.App. 4th Cir.1994), this Court interpreted this language to suggest that the defendant is entitled to a hearing when the evidence is less than a transcribed colloquy specifically advising the defendant of each of his Boykin rights. In Bridges, because the only evidence of Boykinization was a minute entry stating that the defendant was advised of his right to a trial by jury, the case was remanded for resentencing. Similarly in State v. Carter, 630 So.2d 926, 934 (La.App. 4th Cir.1993), this Court concluded that where the State offered a plea of guilty form and a minute entry stating the defendant was “orally advised ... of his legal rights in accordance with Boykin,” the case should be remanded to give the defendant the opportunity to meet his burden of proof under Shelton.
The State introduced a copy of the defendant’s plea of guilty before Judge Israel M. *1093 Augustine, Jr. in 331-883 in which the defendant specifically waived his privilege against self incrimination (paragraph 2) Record p. 69. The State introduced a copy of a colloquy in which the trial court asked the defendant if his attorney had explained the plea form and whether he had signed it voluntarily. The trial court asked him whether he understood that he had a right to trial, a right to have motions heard, a right to face his accusers, a right to 15a jury trial, and a right of appeal. The State also introduced the bill of information, the docket master, the arrest register, and the minute entry of the guilty plea. While the minute entry did not establish that the trial court advised the defendant of his rights, we conclude that the plea of guilty form initialed and signed by defendant and his attorney along with the colloquy was sufficient evidence that the defendant was advised of his right against self-inerimination.

PRO SE ASSIGNMENT OF ERROR ONE:

The defendant argues the State failed to present sufficient evidence to support the conviction. The standard for deciding whether a conviction is supported by the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Ballom, 553 So.2d 909 (La.App. 4th Cir.1989); writ denied 559 So.2d 137 (La.1990).
In this case, the State presented evidence that police officers saw the defendant retrieve an object from under the seat of his car, attempt to give it to another man, flee upon the officer’s approach, and drop the cocaine. These facts support a finding that the defendant possessed cocaine.
This assignment is without merit.

PRO SE ASSIGNMENT OF ERROR THREE:

The defendant argues excessive sentence.
R.S. 40:967(B) provides that upon conviction for simple possession of cocaine, the defendant shall be sentenced to no less than five years.
R.S. 15:529.1(A)(3) provides that:
If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then, |6a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life.
In this ease, the defendant was found to be a fourth offender and was sentenced to the statutory minimum: twenty years. This court has held directly on point that twenty years is not excessive for a fourth offender: “R.S. 15:529.1 does not impose an unconstitutionally excessive punishment ... The defendant by receiving a minimum sentence, was certainly not sentenced to a constitutionally excessive sentence as a fourth time felony offender.” State v. Waxter, 576 So.2d 569, 571 (La.App. 4th Cir.1991).
This assignment is without merit.
Accordingly for the reasons discussed above, Defendant’s conviction and sentence are affirmed.

CONVICTION & SENTENCE AFFIRMED.