MURRAY, J.,
Concurs with Reasons.
|, The defendant, Mr. Robinson, asserts that Officer Brumfield’s request that he relax his clenched fists constituted an illegal search and warrants a suppression of the cocaine that was seized. The majority states that this issue turns on whether “the officers obtained the contested evidence by way of a request or a demand” and concludes that the seizure was valid because it was a request. Although I agree the seizure was valid, I disagree with the characterization of Officer Brum-field’s instruction as a request. Given that Officer Brumfield gave the instruction not once, but twice, I believe it was a demand that Mr. Robinson was not free to ignore.
Nonetheless, the evidence was properly seized as part of the valid Terry stop of Mr. Robinson. Under somewhat similar circumstances, this court in State v. Bridges, 610 So.2d 827 (La.App. 4th Cir. 1992), held that officers were justified in forcing a defendant to open his clenched fist during a Terry stop. In that case, one of the officers testified that “he believed that defendant could have had a weapon, such as a pocketknife, in his hand.” Bridges, 610 So.2d at 829. Similarly, Officer Brumfield indicated that he asked Mr. Robinson to open his clenched fist as a safety precaution. Accordingly, I agree with the majority’s finding that the trial court did not err in denying Mr. Robinson’s motion to suppress the evidence that was seized.