PER CURIAM
*1253 Writ granted; case remanded. Defendant received a 45-year sentence under the Habitual Offender Law for an obscenity conviction.[1] While in no way downplaying the severity of his offense, we are constrained to find that the sentence violates the prohibition against excessive punishment.
To be sure, the court recognizes the offensiveness of the defendant's conduct and recognizes the state's statutory authority to pursue enhanced punishments for recidivists like defendant. Indeed, he deserved to be penalized for violating a law that serves the important purpose, in this context, of protecting a correctional officer as she performs her demanding and often very dangerous work.
However, the court also recognizes its duty to overturn sentences that, because of their disproportionate nature, inflict excessive retribution on the offender. See generally State v. Johnson , 97-1906 (La. 3/4/98), 709 So.2d 672 ; State v. Dorthey , 623 So.2d 1276 (La. 1993), see also , e.g. , State v. Mosby , 14-2704 (La. 11/20/15), 180 So.3d 1274.
Even though the punishment could have been merely a monetary fine (absent the habitual offender bill), defendant effectively received a life sentence, given his age and the lengthy term imposed. In terms of proportionality, other recidivists convicted of obscenity received comparable punishments for vastly more egregious conduct.[2] Though defendant's conduct was offensive, a 45-year sentence is unconstitutionally excessive. See State v. Bonanno , 384 So.2d 355, 358 (La. 1980) ("To determine whether *1254 the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice." (citing State v. Beavers , 382 So.2d 943 (La. 1980) ). We therefore reverse the appellate court's judgment, vacate the 45-year sentence, and remand to the trial court for resentencing to a punishment that is not unconstitutionally excessive.
SENTENCE VACATED; CASE REMANDED .
WEIMER, J., additionally concurs and assigns reasons.
GUIDRY, J., would deny and assigns reasons.
CLARK, J., would deny.

After a Lafourche Parish jury found defendant guilty, the trial court sentenced him to the maximum term for a first obscenity offense: three years imprisonment at hard labor. The court of appeal affirmed, rejecting defendant's argument that the sentence was excessive. State v. Thompkins , 17-0210 (La. App. 1 Cir. 9/21/17), 232 So.3d 40. The state thereafter filed a habitual offender bill, and the trial court adjudged defendant a fourth or subsequent offender, resentencing him as such to 45 years imprisonment at hard labor. Although defendant does not now press this issue, it is also noted that the state delayed in pursuing this habitual offender sentence. The state waited until defendant had served all but two months of his original sentence to seek a sentence enhancement. Furthermore, only after defendant had completed his entire three-year sentence did the trial court hold the habitual offender hearing, at which time defendant objected to the state's delay. While the Habitual Offender Law does not specify a time within which the state must file a multiple bill, the state must do so "within a reasonable time after the prosecution knows that a defendant has a prior felony record." State v. Roberts , 588 So.2d 759, 762 (La. App. 4 Cir. 1991), writ denied , 591 So.2d 707 (La. 1992) (citing State v. Broussard , 416 So.2d 109 (La. 1982) ).

For example, in State v. Lewis , 00-0053 (La. App. 4 Cir. 12/13/00), 776 So.2d 613, the defendant hid in an alleyway and exposed himself to a woman walking nearby. As she tried to pass, the defendant grabbed her, choked her, and pulled her to the ground. The victim fought and escaped. As she fled, the defendant stood watching her and masturbated, then chased her. The court of appeal found the maximum term of life imprisonment as a fourth offender was not excessive, given his conduct and criminal history.
In State v. Waxter , 576 So.2d 569 (La. App. 4 Cir. 1991), the defendant was masturbating at the New Orleans Moonwalk, outdoors in mid-day, and in plain view of others-including sunbathers and people waiting for the streetcar. He was sentenced as a fourth offender to the minimum term of 20 years imprisonment at hard labor, which the court of appeal found not excessive.
As described by the court below, the instant case involved no public exposure. Rather, this defendant engaged in lewd behavior in the presence of a female corrections officer. Thompkins , 17-0210, at 2-3, 232 So.3d at 40-41.